CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 25 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHNNIE LEE JUSTICE, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00501 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Johnnie Lee Justice, a Virginia state inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241, challenging the constitutional validity of his 2000 conviction in the Circuit Court of Isle of Wight County, Virginia. Justice claims that he was denied the right to a fair and impartial jury and that his sentence was excessive and constitutes cruel and usual punishment. The court finds that his claims challenging the validity of his state conviction are properly considered under 28 U.S.C. § 2254, rather than § 2241.[1] Therefore, the court will construe his petition as a petition for writ of habeas corpus under § 2254. In addition, the conviction under challenge occurred in the Circuit Court of Isle of Wight County, which is located in the Eastern District of Virginia. Therefore, the court will transfer this case to the United States District Court for the Eastern District of Virginia.

The Clerk is further directed to send a copy of this Memorandum Opinion, and the accompanying Order to the petitioner.

ENTER: This 27th day of October, 2007.

United States District Judge

---

[1] The court recognizes that, where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. See Gregory v. Coleman, No. 06-6646, 2007 U.S. App. LEXIS 3729 (4th Cir. Feb. 20, 2007), noting circuit split and comparing White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), with Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). However, in this case, Justice is challenging the constitutional validity of his conviction, not the execution of his sentence, and, therefore, he must proceed under § 2254.